IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Bluefield Division

| | |
|---|---|
| JAMES E. GRAHAM II; DENNIS ADKINS; ROGER WRISTON: and DAVID B. POLK; on behalf of themselves and others similarly situated; and UNITED MINE WORKERS OF AMERICA INTERNATIONAL UNION,<br><br>     Plaintiffs<br><br>v.<br><br>JUSTICE ENERGY CO. INC.; KEYSTONE SERVICE INDUSTRIES, INC.; BLUESTONE COAL CORPORATION; DOUBLE-BONUS COAL CO.; and SOUTHERN COAL CORPORATION,<br><br>     Defendants. | CIVIL ACTION NO.: 1:19-cv-00597 |

## COMPLAINT

1. This is a civil action for breach of a collective bargaining agreement, brought under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, seeking declaratory, injunctive and other relief enjoining Defendants from unilaterally modifying or terminating group medical insurance plans and group prescription insurance plans (collectively, the "Employer Benefit Plans" or "EBPs") maintained for the benefit of retired coal miners, their spouses, surviving spouses, and dependents, and ordering Defendants to reimburse named retiree Plaintiffs and others similarly situated for any health care expenses incurred as a result of Defendant's breach. Plaintiffs further seek a declaration of their rights to benefits under the

Employer Benefit Plans pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

## JURISDICTION

2.  This action arises under Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq. Jurisdiction and venue are conferred upon this court by Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f); and 28 U.S.C. § 1331, 1337, and 1391(b).

3.  Venue is proper in the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b) and (c); 29 U.S.C. § 185(a); and 29 U.S.C. § 1132(e)(2).

## PARTIES

4.  Plaintiff James E. Graham II is a retired coal miner who was employed in a classified position under a collective bargaining agreement between the UMWA and Justice Energy Co. Inc. ("Justice Energy") until his retirement in February 2014. At all times since his retirement, Mr. Graham has been and continues to be a "participant" in and "beneficiary" of, within the meaning of ERISA, 29 U.S.C. §§ 1002 (7) and (8), the Employer Benefit Plan that Defendant Justice Energy maintains for the benefit of retired UMWA miners, their spouses, surviving spouses, and dependents. Mr. Graham resides in Monroe County, West Virginia at 2339 Coulter's Chapel Road, Greenville, West Virginia 24945.

5.  Plaintiff Dennis M. Adkins is a retired coal miner who was employed in a classified position under a collective bargaining agreement between the UMWA and Keystone Service Industries, Inc. ("KSI") until his retirement in February 2011. At all times since his retirement, Mr. Adkins has been and continues to be a "participant" in and "beneficiary" of, within the

meaning of ERISA, 29 U.S.C. §§ 1002 (7) and (8), the Employer Benefit Plan that KSI maintains for the benefit of retired UMWA miners, their spouses, surviving spouses, and dependents. Mr. Adkins resides in Onslow County, North Carolina at 126 Sweetwater Drive, Jacksonville, North Carolina 28540.

6.      Plaintiff Roger Wriston is a retired coal miner who was employed in a classified position under a collective bargaining agreement between the UMWA and Bluestone Coal Corp. ("Bluestone Coal") until his retirement in June 2012. At all times since his retirement, Mr. Wriston has been and continues to be a "participant" in and "beneficiary" of, within the meaning of ERISA, 29 U.S.C. §§ 1002 (7) and (8), the Employer Benefit Plan that Bluestone Coal maintains for the benefit of retired UMWA miners, their spouses, surviving spouses, and dependents. Mr. Wriston resides in Fayette County, West Virginia at 676 Cranberry Road, Mount Hope, West Virginia 25880.

7.      Plaintiff David Polk is a retired coal miner who was employed in a classified position under a collective bargaining agreement between the UMWA and Double-Bonus Coal Co., ("Double-Bonus") until his retirement in February 2007. At all times since his retirement, Mr. Polk has been and continues to be a "participant" in and "beneficiary" of, within the meaning of ERISA, 29 U.S.C. §§ 1002 (7) and (8), the Employer Benefit Plan that Double-Bonus maintains for the benefit of retired UMWA miners, their spouses, surviving spouses, and dependents. Mr. Polk resides in Wyoming County, West Virginia and maintains a mailing address at P.O. Box 10, McGraws, West Virginia 25875.

8.      Plaintiff United Mine Workers of America International Union ("UMWA") is a labor organization that represents coal miners employed by Defendants for purposes of collective bargaining. The UMWA maintains its principal place of business at 18354 Quantico Gateway

Drive, Triangle, VA 22172, and maintains offices within this judicial district in Beckley, Charleston, and Chapmanville, West Virginia. The UMWA represents employees in an industry affecting commerce and is a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a). The UMWA is also an "employee organization" within the meaning of ERISA, 29 U.S.C. § 1002(4), whose interest in asserting the rights of its members to medical and prescription drug benefits under the Employer Benefit Plan is germane to the UMWA's organizational purpose.

9. Defendant Justice Energy is a corporation organized and existing under the laws of West Virginia, and it maintains its principal office at 216 Lake Drive, Daniels, WV 25832. Justice Energy is engaged in the business of mining, processing, transporting and/or selling coal in West Virginia. Justice Energy is signatory to a collective bargaining agreement with the UMWA and has been, at all relevant times, an "employer" within the meaning of Section 2(2) of the NLRA, 29 U.S.C. § 152(2), and of ERISA, 29 U.S.C.§ 1002(5).

10. Defendant KSI is a corporation organized and existing under the laws of West Virginia, and it maintains its principal office at 216 Lake Drive, Daniels, WV 25832. KSI is engaged in the business of mining, processing, transporting and/or selling coal in West Virginia. KSI is signatory to a collective bargaining agreement with the UMWA and has been, at all relevant times, an "employer" within the meaning of Section 2(2) of the NLRA, 29 U.S.C. § 152(2), and of ERISA, 29 U.S.C.§ 1002(5).

11. Defendant Bluestone Coal is a corporation organized and existing under the laws of West Virginia, that maintains its principal office at 216 Lake Drive, Daniels, WV 25832. Bluestone Coal is engaged in the business of mining, processing, transporting and/or selling coal in West Virginia. Bluestone Coal is signatory to a collective bargaining agreement with the

UMWA and has been, at all relevant times, an "employer" within the meaning of Section 2(2) of the NLRA, 29 U.S.C. § 152(2), and of ERISA, 29 U.S.C.§ 1002(5).

12.     Defendant Double-Bonus is a corporation organized and existing under the laws of West Virginia, and it maintains its principal office at 216 Lake Drive, Daniels, WV 25832. Double-Bonus is engaged in the business of mining, processing, transporting and/or selling coal in West Virginia. Double-Bonus is signatory to a collective bargaining agreement with the UMWA and has been, at all relevant times, an "employer" within the meaning of Section 2(2) of the NLRA, 29 U.S.C. § 152(2), and of ERISA, 29 U.S.C.§ 1002(5).

13.     Defendant Southern Coal Corporation ("Southern") is a corporation organized and existing under the laws of Delaware, and it maintains its principal office at 302 South Jefferson Street, Roanoke, VA 24011. It maintains an office within this judicial district, with the registered agent "CT Corporation System," at 1627 Quarrier Street, Charleston, WV 25311. Upon information and belief, Southern is the parent corporation and/or principal to its agents, Defendants Justice, KSI, Bluestone Coal, and Double-Bonus, and it administers some of those Defendant's obligations to provide post-retirement medical and/or prescription benefits to certain Plaintiffs.

## FACTS

**I.    Defendants' Collective Bargaining Agreements and the Employer Benefit Plans**

14.     Defendants are engaged in the business of operating coal mining facilities in West Virginia and have been and are signatory to UMWA collective bargaining agreements under which they are required  to provide medical and prescription benefits to its actively employed bargaining unit members, and to provide health benefits "for life" to those who have retired from employment with them after completing the requisite number of years of service to be eligible for retiree medical and prescription benefits.

15. Most recently, on December 30, 2016, Justice Energy and the UMWA executed a collective bargaining agreement captioned "Memorandum of Understanding" ("Justice Energy MOU" or "Justice Energy CBA") effective through December 31, 2021, in which Justice Energy agreed to adopt certain terms and conditions of the National Bituminous Coal Wage Agreement of 2016 (the "NBCWA"), including the provision of medical and prescription benefits to Justice Energy retirees and their spouses, surviving spouses, and dependents, through an Employer Benefit Plan established pursuant to Article XX of the National Bituminous Coal Wage Agreement. The collective bargaining agreement described above has been in full force and effect at all relevant times. A true and correct copy of the Justice Energy MOU, in relevant part, is attached hereto as Exhibit 1.

16. Also on December 30, 2016, KSI and the UMWA executed a collective bargaining agreement captioned "Memorandum of Understanding" ("KSI MOU" or "KSI CBA") effective through December 31, 2021, in which KSI agreed to adopt certain terms and conditions of the National Bituminous Coal Wage Agreement of 2016 (the "NBCWA"), including the provision of medical and prescription benefits to KSI retirees and their spouses, surviving spouses, and dependents, through an Employer Benefit Plan established pursuant to Article XX of the National Bituminous Coal Wage Agreement. The collective bargaining agreement described above has been in full force and effect at all relevant times. A true and correct copy of the KSI MOU, in relevant part, is attached hereto as Exhibit 2.

17. Also on December 30, 2016, Bluestone Coal and the UMWA executed a collective bargaining agreement captioned "Memorandum of Understanding" ("Bluestone Coal MOU" or "Bluestone Coal CBA") effective through December 31, 2021, in which Bluestone Coal agreed to adopt certain terms and conditions of the National Bituminous Coal Wage Agreement of 2016 (the

"NBCWA"), including the provision of medical and prescription benefits to Bluestone Coal retirees and their spouses, surviving spouses, and dependents, through an Employer Benefit Plan established pursuant to Article XX of the National Bituminous Coal Wage Agreement. The collective bargaining agreement described above has been in full force and effect at all relevant times. A true and correct copy of the Bluestone Coal MOU, in relevant part, is attached hereto as Exhibit 3.

18.     Also on December 30, 2016, Double-Bonus and the UMWA executed a collective bargaining agreement captioned "Memorandum of Understanding" ("Double-Bonus MOU" or "Double-Bonus CBA") effective through December 31, 2021, in which Double-Bonus agreed to adopt certain terms and conditions of the National Bituminous Coal Wage Agreement of 2016 (the "NBCWA"), including the provision of medical and prescription benefits to Double-Bonus retirees and their spouses, surviving spouses, and dependents, through an Employer Benefit Plan established pursuant to Article XX of the National Bituminous Coal Wage Agreement. The collective bargaining agreement described above has been in full force and effect at all relevant times. A true and correct copy of the Double-Bonus MOU, in relevant part, is attached hereto as Exhibit 4.

    **II.**    **Defendants' Failure to Pay Medical and Prescription Benefit Claims and its Frustration of the Arbitration Process**

19.     Since at least late 2017 through the present, Defendants Justice, KSI, Bluestone Coal, and Double-Bonus have failed to pay undisputed claims (that is, claims that do not need additional information to be processed) for both medical services and prescription drug costs in a timely manner as required by their respective MOUs and the terms of Article XX of the NBCWA incorporated therein.

20. Prior to filing this action, Plaintiffs attempted to resolve this matter without success. One such example occurred on June 27, 2019 when the UMWA mailed two identical letters to Patrick Graham via certified mail, return receipt requested. Mr. Graham holds the title of Senior Vice President Safety, Health and Human Resources at Bluestone Energy Group and also the title of Vice President Human Resources – Health & Safety Dynamic Energy – Justice Highwall Mining. Mr. Graham received the letters on July 1 and 2, 2019 and the receipts were returned. Those letters informed Defendants that covered retirees were experiencing issues with unpaid medical and prescription drug bills. The letters reminded the Defendants of their contractual obligations to provide retiree medical and prescription benefits. The letters asked that Defendants take the necessary steps to comply with those contractual obligations on or before July 31, 2019. The letters also gave Defendants contact information for the UMWA Legal Department in the event that they needed assistance. Defendants did not respond to those letters and did not resolve the unpaid bills. True and correct copies of those letters and certified mail receipts are attached hereto as Exhibit 5.

21. On or about July 1, 2019, Defendants Justice, KSI, Bluestone Coal, and Double-Bonus unilaterally cancelled retiree medical and prescription drug coverage. Defendants provided no advance warning; retirees were told by medical providers and pharmacies that their coverage was cancelled when they sought service. Partial coverage was restored on July 2, 2019. Periodic cancellations and restorations have occurred in the past without notice or explanation.

22. Article XX, Section (e)(5) of the NBCWA governs disputes arising under the Employer Benefit Plan, and requires their submission for resolution to the Trustees of the UMWA Health and Retirement Funds ("Funds"), as follows:

> Disputes arising under this Agreement with regard to the Employer Benefit Plan . . . shall be referred to the Trustees. The Trustees shall develop procedures for the

resolution of such disputes. In the event the Trustees decide such a dispute, such decision of the Trustees shall be final and binding on the parties. The Trustees have established a process for reviewing and deciding such disputes, which is commonly referred to as the "ROD" (Resolution of Dispute) process. Under the ROD process, an employee, pensioner, or other participant who has a dispute with his or her employer or former employer relating to the Employer Benefit Plan may file, or the UMWA as his or her representative may file, a written "ROD" complaint with the Funds.

23. At all times relevant hereto, Defendants have failed to contribute to the ROD trust, and consequently have effectively withdrawn from the ROD process, effectively failing and refusing to process Employer Benefit Plan grievances through the designated arbitral forum. As a result, the Funds cannot provide relief to Plaintiffs for Defendants' failure to abide by the terms of the Collective Bargaining Agreement and ERISA.

## COUNT I
### Injunction Under Section 301 of LMRA

24. Plaintiffs reallege the allegations set forth in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Defendants have failed and refused to administer, maintain, and fund the Employer Benefit Plans and to provide benefits thereunder, thereby breaching and violating their obligations under Article XX of the NBCWA as adopted by the Memoranda of Understanding, as described more fully in paragraphs 14-18 above, to the detriment of Plaintiff United Mine Workers of America, the individual Plaintiffs named herein, and others similarly situated.

26. Defendants' ongoing failure to provide medical and prescription drug coverage to its UMWA retirees is a breach of its obligations under Article XX of the NBCWA and has caused Plaintiffs James E. Graham II, Dennis M. Adkins, Roger Wriston, and David Polk and others similarly situated, to suffer irreparable harm. Defendants' refusal to pay for medical and prescription benefits has caused Plaintiffs and other beneficiaries and participants of the Employer

Benefit Plan to lose access to medical and pharmaceutical treatments, causing irreparable harm to their health, and to incur expenses they cannot afford. Further, Defendants' failure to ensure adequate medical and prescription drug coverage has sown confusion and anxiety among this aged and vulnerable population.

27. Plaintiff James E. Graham II underwent back surgery in June 2018. Defendants did not pay for that surgery. Further, because the bill for the surgery was unpaid, Mr. Graham was for to delay necessary, post-surgery follow-up treatment. Mr. Graham's inability to receive timely, necessary medical treatment constitutes irreparable harm.

28. Plaintiff Dennis Adkins has chronic medical conditions including high blood pressure and is required to take daily prescription medication. His wife also has several chronic conditions requiring medication. He has been forced to pay for medical treatment out-of-pocket for covered prescription drugs and treatment because his bills have not been paid. Mr. Adkins is on a fixed, retiree income and has difficulty paying all of the medical bills.

29. Plaintiff Roger Wriston and his wife have chronic health conditions. Mrs. Wriston needs medical treatment for her back, but has not received necessary injections because they have no confidence that the bills will be paid by the insurance company. Mr. Wriston has also foregone medical treatment because he knows his medical bills will not be paid. Mr. Wriston has received distressing and embarrassing calls from collection agencies for bills that should have been covered by his retiree benefits plan. Mr. Wriston's inability to receive timely, necessary medical treatment constitutes irreparable harm.

30. Plaintiff David Polk has an abnormal heartbeat and high cholesterol and has been prescribed medicine to control those conditions. Also, he has been forced to cancel doctor's appointments because he does not have coverage for the appointment. Moreover, he cannot afford

his prescription drugs. Mr. Polk's inability to receive timely, necessary medical treatment constitutes irreparable harm.

31.  The balance of equities favors granting injunctive relief because Defendants are better positioned than these retired coal miners, their spouses and dependents, to bear the medical and financial burdens while this matter is pending. The only harm that the Defendants would face in the event that injunctive relief is ordered is to fulfill their obligations to pay medical and prescription drug costs for Plaintiffs and other similarly situated beneficiaries and participants, as Defendants are required to do consistent with the terms of Article XX of the NBCWA incorporated in their respective MOUs.

32.  This Court has long recognized that the peaceful and efficient resolution of labor disputes, ensuring uniform administration of retiree healthcare in the coal industry, is in the public interest.

## COUNT II
### Breach of Collective Bargaining Agreement Under Section 301 of the LMRA

33.  Plaintiffs reallege the allegations set forth in paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.  Plaintiffs James E. Graham II, Dennis M. Adkins, Roger Wriston, and David Polk, and other similarly situated beneficiaries and participants, have been deprived of medical and prescription drug benefits set forth in the collective bargaining agreements to which they are entitled, by the acts and omissions of Defendants in failing to provide the promised benefits.

35.  Defendants are liable under Section 301 of the LMRA, 29 U.S.C. § 185, for the breach of the Collective Bargaining Agreement caused by their failure to provide the promised

benefits owed to Plaintiffs and other similarly situated beneficiaries and participants. Plaintiffs are entitled to enforcement of their contractual right to medical and prescription drug benefits.

## COUNT III
## Deprivation of Benefits Under ERISA

36. Plaintiffs reallege the allegations set forth in paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. Plaintiffs James E. Graham II, Dennis M. Adkins, Roger Wriston, and David Polk, and other similarly situated beneficiaries and participants, have been deprived of medical and prescription drug benefits to which they are entitled by the acts and omissions of Defendants in failing to provide the promised benefits.

38. Defendants are liable under ERISA Section 502, 29 U.S.C. § 1132, for the benefits owed Plaintiffs, and other similarly situated beneficiaries and participants, and those Plaintiffs are entitled to equitable and other relief enforcing their right to medical and prescription drug benefits.

## COUNT IV
## Breach of ERISA - Recovery of Plan Benefits

39. Plaintiffs reallege the allegations set forth in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Defendants have been all relevant times hereto "administrators," "plan sponsors," and "employers" within the meaning of ERISA, 29 U.S.C. § 1002(5), (16).

41. Plaintiffs James E. Graham II, Dennis M. Adkins, Roger Wriston, and David Polk, and other similarly situated beneficiaries and participants, have been deprived of benefits to which they are entitled by the acts and omissions of Defendants in their capacity as administrators and sponsors of the Employer Benefit Plans, in failing to provide the promised benefits.

42. Defendants are liable under ERISA Section 502, 29 U.S.C. § 1132, for the benefits owed to Plaintiffs under the terms of the Employer Benefit Plan, and the Plaintiffs are entitled to equitable and other relief enforcing their right to benefits.

43. Defendants request reasonable attorney's fees and costs pursuant to ERISA Section 502(g), 29 U.S.C. § 1132(g).

## COUNT V
### Declaration of Future Rights Under ERISA

44. Plaintiffs reallege the allegations set forth in paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Defendants are liable under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), for the benefits owed Plaintiffs James E. Graham II, Dennis M. Adkins, Roger Wriston, and David Polk, and other similarly situated beneficiaries and participants and participants, under the Employer Benefit Plan, and those Plaintiffs are entitled to a declaration of their right to such benefits.

## COUNT VI
### Damages

46. Plaintiffs reallege the allegations set forth in paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. As a direct and proximate result of the Defendants' actions set forth above, Plaintiffs James E. Graham II, Dennis M. Adkins, Roger Wriston, and David Polk, and other similarly situated beneficiaries and participants, are presently suffering and will continue to suffer the deprivation of medical and prescription drug coverage to which they are entitled.

48. As a direct and proximate result of the Defendants' actions set forth above, Plaintiffs James E. Graham II, Dennis M. Adkins, Roger Wriston, and David Polk, and other

similarly situated beneficiaries and participants, have incurred and continue to incur unpaid medical and prescription drug bills for the treatment of themselves and their spouses and dependents.

49. Plaintiffs James E. Graham II, Dennis M. Adkins, Roger Wriston, and David Polk, and other similarly situated beneficiaries and participants, have no adequate or feasible administrative or legal remedies for the imminent and irreparable harm they will suffer, and have suffered, by the continued deprivation of their medical and prescription drug coverage. Any harm which could result to the Defendants by the granting of injunctive relief in this matter would be minor compared to the great, immediate, and irreparable harm that will result to individual Plaintiffs herein, and other similarly situated beneficiaries and participants, if injunctive relief is not granted.

## PRAYER FOR RELIEF

**WHEREFORE**, in order to avoid the irreparable injury that will occur as described in Counts I through VI, above, the United Mine Workers of America and individual Plaintiffs herein request, on behalf of themselves and others similarly situated, that this Honorable Court:

1. Declare that the Defendants have breached their duties under the collective bargaining agreements and ERISA as alleged herein;

2. Grant preliminary and permanent injunctive relief mandating that Defendants provide Plaintiffs James E. Graham II, Dennis M. Adkins, Roger Wriston, and David Polk, and other similarly situated beneficiaries and participants, with the medical and prescription drug benefits to which they are entitled under the respective Memoranda of Understanding

incorporating Article XX of the NBCWA and to make prompt payment on delinquent bills for undisputed claims;

3. Grant compensatory damages in accordance with the allegations of this Complaint, including prejudgment interest on the amount of unpaid medical and prescription drug bills incurred by Plaintiffs James E. Graham II, Dennis M. Adkins, Roger Wriston, and David Polk, and by other similarly situated beneficiaries and participants.

4. Order Defendant to immediately reimburse Plaintiffs James E. Graham II, Dennis M. Adkins, Roger Wriston, and David Polk, and other similarly situated beneficiaries and participants, for all medical and prescription drug bills incurred by them, and by other similarly situated beneficiaries and participants;

5. Award costs, including reasonable attorneys' fees; and

6. Grant Plaintiffs James E. Graham II, Dennis M. Adkins, Roger Wriston, and David Polk, and other similarly situated beneficiaries and participants, such other relief as the Court deems just and proper.

Plaintiffs request a trial by jury on all issues properly triable by jury.

Respectfully Submitted,

    /s/ Charles F. Donnelly
Charles F. Donnelly – WVSB No. 1039
General Counsel
United Mine Workers of America
1300 Kanawha Boulevard East
Charleston, West Virginia 25301
(304) 346-0341
(304) 346-1186 (fax)
cdonnelly@umwa.org


    /s/ Kevin F. Fagan
Kevin F. Fagan, Esquire - WVSB No. 5216
United Mine Workers of America
18354 Quantico Gateway Drive, Suite 200
Triangle, Virginia 22172
(703) 291-2418
(703) 291-2448 (fax)
Email:  kfagan@umwa.org


Timothy J. Baker – *Pro Hac Vice Forthcoming*
United Mine Workers of America
18354 Quantico Gateway Drive
Triangle, VA 22172
(703) 291-2418
(703) 291-2448 (fax)
tjbaker@umwa.org

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the within **COMPLAINT** has been served on the Defendants listed below by placing same in the U.S. mail, first class, postage prepaid, this 15th day of August, 2019:

Justice Energy Co., Inc.
c/o CT Corporation System
1627 Quarrier St.
Charleston, WV 25311-2124

Keystone Service Industries, Inc.
c/o CT Corporation System
1627 Quarrier St.
Charleston, WV 25311-2124

Bluestone Coal Corporation
c/o CT Corporation System
1627 Quarrier St.
Charleston, WV 25311-2124

Double-Bonus Coal Co.
c/o CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

Southern Coal Corporation
c/o CT Corporation System
1627 Quarrier St.
Charleston, WV 25311-2124

*Counsel for Plaintiff*
    /s/ Kevin F. Fagan
Kevin F. Fagan, WVSB No. 5216