IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JAMES E. GRAHAM II; DENNIS ADKINS
ROGER WRISTON; AND DAVID B. POLK;
On behalf of themselves and
Others similarly situated; and
UNITED MINE WORKERS OF AMERICA,
INTERNATIONAL UNION

        Plaintiffs,

   v.                         Civil Action No. 1:19-cv-00597

JUSTICE ENERGY CO. INC.;
KEYSTONE SERVICE INDUSTRIES, INC.
BLUESTONE COAL CORPORATION;
DOUBLE-BONUS COAL CO.; AND
SOUTHERN COAL CORPORATION,

        Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTEMPT

### I.    INTRODUCTION

Plaintiffs, James E. Graham II; Dennis Adkins, Roger Wriston; and David B. Polk; on behalf of themselves and others similarly situated ("the retiree Plaintiffs") and the United Mine Workers of America, International Union ("UMWA") hereby submit their Memorandum in Support of the contemporaneously filed Notice of Motion For Contempt submitted pursuant to Fed. R. Civ. P. Rule 7(b) and Rule 70(e), and L.R. Civ. P. 4.1.1.  As discussed more fully herein, Plaintiffs' Motion and this Supporting Memorandum, are occasioned by the failure of Defendants Justice Energy Co., Inc.; Keystone Service Industries, Inc., Bluestone Coal Corporation; Double-Bonus Coal Co.; and Southern Coal Corporation to comply with the Order, Consent Order, and Permanent Injunction issued on June 3, 2021 in this matter.

## II.        FACTUAL BACKGROUND

On August 15, 2019, Plaintiffs filed their Complaint in the United States District Court for the Southern District of West Virginia, alleging a breach of a collective bargaining agreement under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.§ 185 and seeking declaratory and injunctive relief. Plaintiffs also sought a declaration of their rights to benefits pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (ECF Doc. 1).

On January 20, 2020, the parties submitted a Joint Consent Order (ECF No. 21) that was entered by the Court on January 21, 2020 (ECF No. 22). In that Consent Order, Defendants agreed, *in relevant part*, to

> comply with the National Bituminous Coal Wage Agreement of 2016 ("2016 NBCWA") and the Defendants' related, individual Memoranda of Understanding with the United Mine Workers of America ("MOUs"). In particular, Defendants will comply with the requirements of Article XX of the 2016 NBCWA (and related portions of the MOUs) which require Defendants to provide uninterrupted healthcare and prescription drug coverage to eligible retirees and their eligible dependents. Defendants will not terminate or modify retiree healthcare and prescription drug coverage in a manner inconsistent with the 2016 NBCWA or the MOUs.

(ECF No. 22).

On March 5, 2021, the parties submitted a Joint Motion For Entry Of Consent Judgment And Permanent Injunction (ECF No. 49) that was entered by the Court on June 3, 2021 (ECF No. 55). In that Order, Consent Order, and Permanent Injunction, the Court ordered the Defendants, *inter alia*, to:

> immediately and permanently comply with the National Bituminous Coal Wage Agreement of 2016 ("2016 NBCWA") and the Defendants' related, individual Memoranda of Understanding with the United Mine Workers of America ("MOUs"), until such time as the 2016 NBCWA and the MOUs are modified or superseded by future agreements. In particular, Defendants will immediately and permanently comply with the requirements of Article XX of the 2016 NBCWA

> (and related portions of the MOUs) which require Defendants to provide uninterrupted healthcare and prescription drug coverage to eligible retirees and their eligible dependents. Defendants will not terminate or modify retiree healthcare and prescription drug coverage in a manner inconsistent with the 2016 NBCWA or the MOUs, unless permitted by future agreements which modify or supersede the 2016 NBCWA or the MOUs.

(ECF No. 55).

Attached to the Motion as Exhibit No. 1 is the Declaration of International UMWA District 17 Representative Josh West, who is responsible for administering UMWA collective bargaining agreements of employers, including Defendants, whose operations are located in West Virginia ("West Decl." ¶¶ 1, 2, 3, 4) and the Declaration of International UMWA Associate General Counsel T.J. Baker as Exhibit No. 2, who has been responsible for communicating with the Plaintiff retirees concerning Defendants' compliance with said Consent Order. Declarations from a number of affected retirees describing the interruptions in prescription drug coverage that have experienced are also submitted herewith as Exhibits 3, 4, and 5, and reflect the communications that retirees have had with the Union that are described in West and Baker's Declarations

Since the issuance of the January 21, 2020 Consent Order and continuing through the June 3, 2021 issuance of the Order, Consent Order, and Permanent Injunction, Defendants have failed to consistently comply with this Court's Orders as they have periodically failed to provide prescription drug coverage as required by and set forth in the collective bargaining agreements' Employee Benefit Plan, in violation of said Orders.

For instance, on or about April 14, 2021, multiple retirees attempted to fill prescriptions. Pharmacists told those retirees that that their prescription coverage was cancelled. Retiree Harry Gregory[1] attests, "there have been multiple instances since January 21, 2020 in which I contacted the pharmacy (both CVS and Express Scripts) to fill a prescription and was told that my coverage

---

[1] Mr. Gregory retired from classified employment with Defendant Keystone.

3

was cancelled," and that such interruptions in coverage have occurred about once a month (most recently on April 30, 2021). (Gregory Declaration, Exhibit 3 at ¶¶ 6-7). Retiree Tony Jones[2] similarly avers that he has experienced interruptions every couple of months (most recently on April 8, 2021) and, as a result, he has not been able to fill prescriptions at both CVS and Express Scripts. (Jones Declaration, Exhibit 4 at ¶¶ 6-7). Finally, retiree Andrew Lafferty[3] states that he has experienced the suspension of prescription drug coverage once every month or two (most recently on March 28, 2021) and, as a result, he was unable to fill his prescriptions at Walgreens. (Exhibit 5 at ¶¶ 7-8).

This experience is consistent with that of other eligible retirees who have contacted the UMWA to report ongoing, cyclical lapses in prescription drug coverage since January 20, 2020. (West. Decl. ¶¶ 10, 11). Defendants have been engaged in a pattern of failing to inform Plaintiffs when prescription coverage is interrupted and of often failing to inform Plaintiffs when prescription drug coverage is restored. Instead, retiree Plaintiffs learn about these cycles of lapses and restoration of coverage when they attempt to fill prescriptions. (West Decl. ¶¶ 6, 7, 10).

In the course of this litigation, undersigned counsel T.J. Baker has communicated directly with the retirees regarding Defendants' failure to provide ongoing prescription drug coverage, and knows of interruptions in prescription drug coverage that occurred beginning on October 1, 2020; December 5, 2020; January 2, 2021; January 13, 2021; February 3, 2021; March 31, 2021, April 14, 2021, April 29, 2021, May 28, 2021, June 11, 2021.[4] (Baker Decl. ¶ 2&3).

---

[2] Mr. Jones retired from classified employment with Defendant Justice Energy.

[3] Mr. Lafferty retired from classified employment with Defendant Keystone.

[4] As noted above, Defendants have been engaged in a pattern of failing to inform Plaintiffs when prescription coverage is interrupted and of often failing to inform Plaintiffs when prescription drug coverage is restored. As a result, while the Plaintiffs are certain that interruption to prescription drug coverage occurred on the dates listed herein, they cannot state with certainty the exact date each interruption began or ended.

During these lapses, pharmacies did not fill drug prescriptions under the terms of the Employee Benefit Plan due to Defendants' failure to maintain coverage. As a result, retirees at times could only fill the prescriptions by fully paying the costs themselves. More seriously, Harry Gregory (Gregory Decl. at ¶10) and Andrew Lafferty (Lafferty Decl. at ¶ 10) have attested that they cannot afford to pay out-of-pocket for some of their more specialized medications and have consequently had to forgo obtaining these much needed prescription drugs. These are but examples, as other retirees have reported that they have decided to forego medication because they could not afford to pay uninsured rates. (West Decl. ¶ 11).

In addition, some retirees have made attorney Baker aware that they and their eligible dependents have serious medical conditions that require regular treatment, including in some cases medical conditions such as leukemia and diabetes that require higher cost, non-generic drugs, and that even temporary cancellation of prescription drug benefits is a hardship that significantly endangers their health and their financial stability. (Baker Decl. ¶ 2).

At no time have the Defendants explained why the prescription drug coverage has been cancelled or when eligible retirees and their eligible dependents can expect coverage to be restored. (West. Decl. ¶ 12). Accordingly, Defendants have failed to provide prescription drug coverage to retirees and their eligible dependents as required by the above-referenced 2016 NBCWA, the MOUs, and June 3, 2021 Order, Consent Order, and Permanent Injunction. (West Decl. ¶¶ 6, 8, 9)

To avoid burdening the Court with these disputes during the pendency of this proceeding, UMWA attorney Baker repeatedly contacted Defendants regarding periodic lapses in prescription drug coverage and worked with Defendants to resolve the problems. Generally, after a few days, Defendants would inform Baker that the issue was resolved and prescription drug coverage would

resume. The UMWA's expectation was that whatever issue was causing the periodic lapses would be permanently resolved during the course of this lawsuit. That expectation has not been met. To the best of Baker's knowledge, this is the eighth lapse in prescription drug coverage in calendar year 2021. (Baker Decl. ¶ 2 & 3)

Defendants' failure to provide prescription drug coverage since the issuance of the January 2021 is similar to the "periodic cancellations and restorations" of prescription drug coverage "without notice or explanation" referred to in Plaintiff's Complaint in this action (Doc. No. 1, ¶ 21).

### III. LAW AND ARGUMENT

Civil contempt is governed by 18 U.S.C. § 401, which empowers a court to "punish by fine or imprisonment…such contempt of its authority" as "(3) [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." *James River Equipment, Virginia, LLC v. Justice Energy Company, Inc.*, 2016 WL 67792 *3 (S.D.W.Va., No. 5:13-cv-28160, 2016). The Fourth Circuit has set forth four elements for courts to assess when a party moves for the sanction of civil contempt: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result. *Id., citing Ashcraft v. Conoco Inc.*, 218 F.3d 288, 301 (4th Cir. 2000), *quoting Colonial Williamsburg Found v. The Kittinger Co.*, 792 F.Supp. 1397, 1405-06 (E.D.Va. 1992), aff'd, 38 F.3d 133, 136 (4th Cir. 1994). The purpose of a civil contempt sanction is to "coerce the contemnor" into compliance with the Court. *Buffington v. Baltimore County*, 913 F.2d 113, 134 (4th Cir. 1990). That power includes the ability to award damages and attorney's fees to an aggrieved party. *See, Rainbow School, Inc.*

*v. Rainbow Early Education Holding LLC*, 887 F.3d 610, 618 (4th Cir. 2018), citing *Hutto v. Finney*, 437 U.S. 678, 691, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) ("Civil contempt may ... be punished by a remedial fine, which compensates the party who won the injunction for the effects of his opponent's noncompliance.")

In this case, as per the standards set forth in the federal statute and the case law of this Circuit cited above, Defendants are bound by this Court's June 3, 2021 Order, Consent Order, and Permanent Injunction in Plaintiffs' favor. The June 3, 2021 Order, Consent Order, and Permanent Injunction was a consent order which Defendants jointly submitted with Plaintiffs and therefore Defendants had actual notice of the Order and their duty to comply. The Order was in Plaintiffs' favor, as it requires Defendants to provide uninterrupted prescription drug coverage to Plaintiffs and others similarly situated. Defendant consistently have been made aware by retiree Plaintiffs and the UMWA of their failure comply with the Order and therefore have actual knowledge of their violations. Finally, as discussed above, retiree Plaintiffs have suffered harm from the insecurity and anxiety attendant to erratic and unreliable prescription drug coverage and have incurred out-of-pocket expenses caused by Defendants' failure to comply with the Consent Order. As a result, Defendants are in contempt of the June 3, 2021 Order, Consent Order, and Permanent Injunction and this Court has authority to take actions necessary to coerce the contemnors into compliance.

**WHEREFORE**, based upon the foregoing and pursuant to Fed. R. Civ. P. Rule 7(b) and Rule 70(e), and L.R. Civ. P. 4.1.1, Plaintiffs pray this Court will enter an Order finding Defendants in contempt of Court, issue such sanctions as the Court deems appropriate to coerce obedience and Compensate Plaintiffs for the losses they have sustained, as well as enter all other relief deemed just and proper.

Respectfully Submitted,

/s/ Kevin F. Fagan
Kevin F. Fagan, Esquire - WVSB No. 5216
United Mine Workers of America
18354 Quantico Gateway Drive, Suite 200
Triangle, Virginia 22172
(703) 291-2425
(703) 291-2448 (fax)
Email:  kfagan@umwa.org

Timothy J. Baker – *Pro Hac Vice*
United Mine Workers of America –
Virginia Bar No. 81826
18354 Quantico Gateway Drive
Triangle, VA 22172
(703) 291-2418
(703) 291-2448 (fax)
tjbaker@umwa.org

## CERTIFICATE OF SERVICE

I hereby certify that on this **16th Day of June, 2021**, I electronically filed the foregoing **MEMORANUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTEMPT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants.

Chris Schroeck– WVSB No. 13686
Bluestone Resources, Inc.
203 S. Jefferson St.
Roanoke, VA 24011
Phone: 540-492-4080, x 211
Chris.schroeck@bluestone-coal.com


    /s/ Kevin F. Fagan
Kevin F. Fagan, Esquire - WVSB No. 5216
United Mine Workers of America
18354 Quantico Gateway Drive, Suite 200
Triangle, Virginia 22172
(703) 291-2425
(703) 291-2448 (fax)
Email: kfagan@umwa.org