IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST
VIRGINIA
AT BLUEFIELD

JAMES E. GRAHAM II; DENNIS ADKINS;
ROGER WRISTON; and DAVID B. POLK;
on behalf of themselves and others similarly
situated; and UNITED MINE WORKERS OF
AMERICA INTERNATIONAL UNION,

    Plaintiffs,

v.                                                            CIVIL ACTION NO. 1:19-cv-00597

JUSTICE ENERGY CO. INC.;
KEYSTONE SERVICE INDUSTRIES, INC.;
BLUESTONE COAL CORPORATION;
DOUBLE-BONUS COAL CO.; and
SOUTHERN COAL CORPORATION,

    Defendants.

## PLAINTIFFS' STATUS REPORT

### I.    Introduction

By Order dated January 30, 2023, this Court directed the parties to file a status report in six months. (ECF No. 75). As described more fully in Section IV, below, Defendants have not responded to Plaintiffs' efforts to communicate with the companies to draft a Joint Status Report, and, as a result, Plaintiffs file this Status Report independently. For reasons set forth more fully below, Plaintiffs request that this Court continue to hold in abeyance for an additional six months Plaintiffs' Motion for Contempt (ECF No. 60), as addressed in this Court's Order of January 31, 2023. (ECF No. 75).

1

## II.     Procedural Background

On March 31, 2022, Plaintiffs James E. Graham II, Dennis Adkins, Roger Wriston, and David B. Polk, on behalf of themselves and others similarly situated ("the retiree Plaintiffs") and the United Mine Workers of America, International Union ("UMWA"), filed a Motion for Contempt (ECF No. 60) occasioned by the failure of Defendants Justice Energy Co. Inc., Keystone Service Industries Inc., Bluestone Coal Corporation, Double-Bonus Coal Co., and Southern Coal Corporation to comply with the Order, Consent Order and Permanent Injunction issued on June 3, 2021, in this matter (ECF No. 55).  In support of the said Motion, Plaintiffs submitted declarations referenced in the accompanying Memorandum (ECF No. 61 at pages 3-4) from a number of the affected retirees, documenting the interruptions in prescription drug coverage they had experienced.

On December 5, 2022, this Court held a hearing on Plaintiffs' Motion for Contempt, and proceeded to hold the motion in abeyance as it continued the hearing until February 1, 2023. (ECF No. 74).  During the interim period of time, the parties worked to resolve the interruptions to coverage and the payment of affected retirees' bills for prescriptions.  On January 30, 2023, counsel for the parties asked the Court to continue holding the motion in abeyance for a period of six months, which the Court granted in its January 31, 2023 Order, and directed the parties to file a status report in six months of that date. (ECF No. 75).

As addressed more fully below, Plaintiffs presently seek an additional six months in which this Court holds the Motion for Contempt in abeyance, in light of the UMWA's concern that Defendants may fail to comply with this Court's Order, Consent Order and

Permanent Injunction issued on June 3, 2021. (ECF No. 55).

> III. <u>The Parties' Agreement to Establish an Escrow Account of $175,000 to Safeguard The Payment Of Retiree Health Care And Prescription Drug Coverage Benefits, a Subsequent Interruption in Coverage in April 2023, and Defendants' Depletion of the Escrow Account and Failure to Replenish the Funds</u>

On September 29, 2022, the UMWA and Justice Energy Inc. entered into a collective bargaining agreement by means of a Memorandum of Understanding ("MOU") which carried forward, in paragraph 6(a) of the MOU, Defendants' obligation to provide their retirees with health care and prescription drug coverage consistent with the 2016 National Bituminous Coal Wage Agreement, Article XX ("Pension Benefits"). *See* ECF No. 71 Exhibit No. 1 ¶¶ 4, 5 (Declaration of UMWA Attorney Deborah Stern).

More particularly, in collective bargaining negotiations that occurred in September, 2022, the parties addressed the instant litigation and the need for Defendants to consistently and adequately fund the provision of that retiree health care as incorporated in the 2022 MOU. They agreed, in paragraph 6(a), that Justice Energy Inc./Bluestone Resource Inc. would deposit $175,000 in an Escrow Account dedicated to safeguard the payment of health care and prescription drug coverage benefits for active and laid off employees, and for retirees as set forth in Article XX of the 2016 NBCWA and as incorporated in the MOU, as follows (*see* ECF No. 71 Exhibit 1 at ¶ 7 (Declaration of Deborah Stern)) (*see* ECF No. 71 Exhibit No. 1[a] at ¶ 6(a) (MOU)):

Article XX of the 2016 NBCWA

ESCROW ACCOUNT:

As of the effective date of the 2022 Collective Bargaining Agreement (CBA) between the UMWA and Justice Energy Inc./Bluestone Resource Inc. ("the Company"), the Company will deposit $175,000 to an Escrow Account dedicated to safeguard the payment of health care and prescription drug coverage benefits for active and laid off employees and for retirees as set forth in Article XX of the 2016 NBCWA and as incorporated in the MOU (collectively, the 2022 CBA), so as to avoid interruptions to the provision of these benefits to employee and retiree beneficiaries. The establishment of the Escrow Account does not discharge the Company from its obligation to provide timely coverage and make timely payments for health care and prescription drug coverage, does not modify or amend the Company's obligations as enumerated in Article XX of the 2016 NBCWA and the CBA, and shall not be construed as a VEBA account.

Although it is the Company's intent to make payments for health care and prescription drug costs as they occur, the Escrow Account shall be available for it to draw upon to avoid any interruption of health benefit services. Where such a withdrawal from the Escrow account is made, the Company shall within ten (10) days replenish the withdrawn amount.

Within six (6) months of the effective date of this Agreement, the parties shall meet to review the administration of the Escrow Account and its expenditures on health care and prescription drug coverage (including administrative costs) and the withdrawals, if any, from the Escrow Account to cover said costs, to assess its effectiveness in preventing interruptions to the provision of health benefits and prescription drug coverage to employees and retirees.

Upon the effective date of the 2022 UMWA-Justice Energy Inc. MOU and the establishment of the Escrow Account, the UMWA will withdraw its Motion for Contempt filed in the case of *James E. Graham, UMWA et al. v. Justice Energy Co. Inc. et al*, Civil Action No. 1:19-cv-00597 (ECF No. 60, S.D.W.Va.) and will withdraw charges filed in NLRB cases *Justice Energy (UMWA Int'l Dist. 17)* 06-CA-292826, 06-CA-292834, and 06-CA-291663.

4

While Plaintiffs' Motion for Contempt was pending, on January 27, 2023, the UMWA was notified, by e-mail from Steve Ruby to UMWA General Counsel Kevin Fagan, that the account had been funded, and on January 29, 2023, Mr. Ruby transmitted an account activity statement confirming the deposit, resulting in the parties' request to hold the Motion for Contempt in abeyance for six months. (Exhibit No. 1, filed herewith).

By letter dated May 2, 2023, UMWA attorney Deborah Stern communicated with Defendants' General Counsel Steven Ball and Defendants' counsel in this litigation, Steve Ruby, to inform them that in late April, retirees Henry Gregory and Andrew Lafferty had experienced interruptions to drug coverage that resulted in pharmacies not filling prescriptions. (Exhibit No. 2, filed herewith).  In that letter, the UMWA requested that, as provided in Paragraph 6 of the MOU, the parties meet "to review the administration of the Escrow Account and its expenditures on health care and prescription drug coverage (including administrative costs) and the withdrawals, if any, from the Escrow Account to cover said costs, to assess its effectiveness in preventing interruptions to the provision of health benefits and prescription drug coverage to employees and retirees."  In preparation for that meeting, the UMWA requested that Bluestone Resource Inc./Justice Energy Inc. provide the Union with a detailed accounting and any other financial statements issued between January 29, 2023 through the present, showing expenditures and withdrawals and the replenishment of funds.  *Id.*

In July, Defendants informed the UMWA, through counsel Steve Ruby, that the $175,000 deposited to the Escrow Account had been depleted by Defendants' withdrawals undisclosed to the UMWA, and offered to restore the funding in weekly increments of $20,000, of which the first installment was deposited on July 10, 2023. Although the UMWA agreed to this weekly incremental restoration of the account, to date Defendants have not responded to the UMWA's requests for confirmation that further deposits have been made and to the UMWA's knowledge, further deposits have, in fact, not been made. (See e-mail communications from Deborah Stern to Steve Ruby, Exhibit Nos. 3 and 4, filed herewith).

Accordingly, the UMWA and the Retirees herein find themselves faced with potential interruptions to health care and prescription drug coverage caused by Defendants' fiscal irresponsibility and failure to disclose information necessary to confirm their commitment to comply with this Court's June 3, 2021 Order, Consent Order and Permanent Injunction (ECF No. 55).

## CONCLUSION

For the reasons forth above, Plaintiffs submit that Defendants have shown that their future compliance with this Court's June 3, 2021 Order, Consent Order and Permanent Injunction issued on June 3, 2021 (ECF No. 55) to be uncertain. Plaintiffs therefore respectfully request that this Court continue to hold their Motion for Contempt (ECF No. 60) in abeyance for an additional six months, so that, if necessary, they may return to this Court for prompt resolution of the matter.

Respectfully Submitted,

_____/s/ Kevin F. Fagan_____
Kevin F. Fagan, Esquire - WVSB No. 5216 United Mine Workers of America
18354 Quantico Gateway Drive, Suite 200
Triangle, Virginia 22172
(703) 291-2425
(703) 291-2448 (fax)
Email: kfagan@umwa.org

## CERTIFICATE OF SERVICE

I hereby certify that on this **31st Day of July, 2023**, I electronically filed the foregoing **PLAINTIFFS' STATUS REPORT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants and to counsel of record, and that I have served it upon:

Steven R. Ruby, WVSB No. 10752
Carey Douglas Kessler & Ruby, PLLC 901
Chase Tower, 707 Virginia Street
East Charleston, WV 25301
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
sruby@cdkrlaw.com

and

Stephen W. Ball, General Counsel
Bluestone Resources, Inc.
560 Main St. W.
White Sulphur Springs, WV 24986

                                                  /s/ Kevin F. Fagan
Kevin F. Fagan, Esquire - WVSB No. 5216
United Mine Workers of America
18354 Quantico Gateway Drive, Suite 200
Triangle, Virginia 22172
(703) 291-2425
(703) 291-2448 (fax)
Email:  kfagan@umwa.org